

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2004

# Nolen v. Meyers

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2118

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Nolen v. Meyers" (2004). *2004 Decisions.* Paper 783.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/783

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2118

CHRISTOPHER NOLEN,

Appellant

v.

ROBERT W. MEYERS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Judge:  The Honorable James F. McClure, Jr.
(D.C. No. 00-cv-00196)

_____

Submitted under Third Circuit LAR 34.1
on March 25, 2004

Before:  FUENTES, SMITH, and GIBSON,[*] *Circuit Judges*

(Filed: April 23, 2004)

_____

OPINION OF THE COURT
_____

---

[*]The Honorable John R. Gibson, Senior Circuit Judge for the United States Court
of Appeals for the Eighth Circuit, sitting by designation.

GIBSON, *Circuit Judge*.

Christopher Nolen appeals the denial of his petition for a writ of habeas corpus claiming his Sixth Amendment right to effective assistance of counsel was violated by counsel's failure to request an alibi jury instruction.  We affirm.

In the early evening of November 21, 1981, two masked men armed with handguns entered Ritchie's Tavern in Londonderry Township, Pennsylvania.  One of the men ordered, "Don't move or I'll shoot."  When the proprietor of the tavern, Carroll Ritchie, approached the two men, each one fired his gun.  One of the men fired his gun a second time, and this bullet struck and killed Ritchie.

Nolen was identified as one of the shooters by David Crater, who confessed to being the driver of the getaway car.  Crater testified that he, Nolen, Dauntel Evans, and Joey Boyer had originally planned to rob a country grocery store that evening.  As they drove toward the store, Boyer decided that he no longer wanted any part of the robbery, got out of the vehicle and walked home.  The other three men reached the grocery store but abandoned their plan to rob it after noticing the number of people inside.  They turned their attention to nearby Ritchie's Tavern instead.  Crater testified that he entered the tavern first to survey the premises, then returned to the car to wait while Nolen and Evans, faces concealed, entered the tavern with the handguns.  Crater heard three shots fired, then Nolen and Evans ran from the tavern and the three men drove off.

Nolen was tried and convicted in Pennsylvania state court of second-degree

murder, robbery, and criminal conspiracy. However, his conviction was vacated by the Pennsylvania Supreme Court, which concluded that the trial court erred in not allowing defense counsel to cross-examine Crater about his role in the incident and his expectation of leniency in return for his testimony. Commonwealth v. Evans, 512 A.2d 626 (Pa. 1986). On remand, Nolen was tried and convicted again.

During the second trial, there was testimony presented from both Nolen's sister and grandmother.[1] Nolen's sister testified that Nolen had been at her home by 5:30 p.m. on the night of the shooting and had stayed there for the remainder of the night. Nolen's grandmother, who lived separately from his sister, testified that Nolen was at *her* home by 7:00 p.m. on the night in question and stayed there for the remainder of the night. She also testified that he had been at her home from 7:00 onward every night during the weeks surrounding the shooting, despite Nolen's admission that he committed two other robberies during that time. Nolen's attorney did not request an alibi jury instruction, and later explained that he consciously chose not to request such an instruction on account of the inconsistencies between the sister's and grandmother's testimony.

In August 1993, Nolen filed a petition for relief under the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541 *et seq.*, alleging that he was denied effective assistance of counsel based in part on counsel's failure to request an alibi jury

---

[1]The grandmother only appeared at the first trial; her testimony was read into the record in the second.

3

instruction. Following the adverse rulings of state courts, including the Pennsylvania Supreme Court's denial of a petition for allowance of appeal, Nolen filed this habeas corpus petition. The district court found that Nolen had properly exhausted his state remedies but that his ineffective assistance of counsel claim lacked merit and therefore dismissed his petition.

We review *de novo* the district court's denial of habeas corpus relief. Steele v. Blackman, 236 F.3d 130, 133 (3d Cir. 2001). "[A] federal court may grant habeas relief only if the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Chadwick v. Janecka, 312 F.3d 597, 606-07 (3d Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1), (d)(2)), cert. denied 123 S.Ct. 1914 (2003). In order to succeed on an ineffective assistance of counsel claim, the Supreme Court has held that a defendant must show: 1) that the performance of counsel fell below an objective standard of reasonableness; and 2) that the errors of counsel prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 692 (1984).

We cannot conclude that the state court's decision denying post-conviction relief was contrary to, or an unreasonable application of, Supreme Court precedent on ineffective assistance of counsel claims under the Sixth Amendment. Nolen's trial counsel testified during the state post-conviction proceedings that he made a conscious

4

decision not to pursue an alibi defense based on the inconsistencies in the alibi testimony. He thought that an alibi jury instruction would serve only to highlight these inconsistencies. While this strategy may not have been ideal, the state court certainly did not err in concluding that it was objectively reasonable, especially in light of the Supreme Court's mandate that "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. Indeed, "[t]here are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." Id.

We affirm the district court's denial of Nolen's petition for a writ of habeas corpus.